IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALVIN L. KENDALL,<br><br>Defendant. | CRIMINAL ACTION<br>NO. 1:97-CR-405-JTC |

**O R D E R**

Pending before the Court is Defendant's Motions for Reduction of Sentence [# 261]. In 1998, the Court sentenced Defendant to a term of imprisonment of sixty months followed by three years of supervised release. The Court also imposed a fine of $12,500.00. Defendant has a balance of approximately $4,000.00 on the fine. Defendant filed a one page letter with the Court requesting that the Court reduce the fine because of financial hardship. The Court **DENIES** the Defendant's motion [# 261].

## I. Analysis

Once a district court imposes a sentence, it lacks jurisdiction to amend or reduce that sentence unless expressly permitted by statute or Rule 35. 18 U.S.C. § 3582(c); see also United States v. Diaz-Clark, 292 F.3d 1310, 1315-19 (11th Cir. 2002). This includes a sentence to pay a fine. See U.S.C. § 3572(c).

The only statute that could provide the Court with authority to modify the terms of a fine based on Defendant's circumstances is 18 U.S.C. § 3572(d)(3), which provides that:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

This section, however, only permits the Court to adjust the payment schedule of a fine where the sentence provides that a defendant may pay a fine in installments. 18 U.S.C. § 3572(d)(3). Otherwise, this Court lacks jurisdiction to alter his fine. See United States v. Lambert, 162 F. App'x 616, 617 (7th Cir. 2006).

The court imposed a fine of $12,500.00 as part of Defendant's sentence. The Court directed that the fine shall commence during his incarceration pursuant to the Bureau of Prison's Inmate Financial Responsibility Program. In addition, the Court included as a part of Defendant's supervised release that he would make regular payments towards the unpaid balance of the fine on terms and conditions specified by the probation officer, but that his monthly payment must be at least $250. Although Defendant contends that the continued monthly payments are a financial hardship to his family, he

has not demonstrated that modification of the Court's prior payment schedule is warranted in this case. Accordingly, the Court **DENIES** Defendant's motion [# 261].

## II. Conclusion

The Court **DENIES** Defendant's Motions for Reduction of Sentence [# 261].

**SO ORDERED**, this 28th day of April, 2010.

JACK T. CAMP
UNITED STATES DISTRICT JUDGE